UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

YOLANDA BURTON,

        Plaintiff,

  -vs-

CAROLYN COLVIN, Commissioner of
Social Security,

        Defendant.

**DECISION and ORDER**
**No. 6:12-CV-6347(MAT)**

───────────────────────────────

Yolanda Burton ("Plaintiff"), represented by counsel, brought this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits and Social Security Insurance. The Court found that the administrative law judge ("ALJ") committed legal error in failing to assign controlling weight to the medical source statement of Plaintiff's treating physician, discounting Plaintiff's testimony, and crafting hypothetical questions to the vocational expert, who testified that if the limitations assigned by the treating physician and testified to by Plaintiff were credited, Plaintiff would be unable to maintain competitive gainful employment. Because it was clear from the record that were such evidence credited, the ALJ would be required to find Plaintiff disabled, and because there were no outstanding issues needing resolution before a determination of disability could be made, the

Court remanded the matter for calculation and payment of benefits from July 14, 2008, through January 25, 2011.

Plaintiff now has moved for attorney fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"), asking that the Court approve the contingent fee arrangement between her and her attorney, whereby Plaintiff agreed to pay her attorney 25 percent of any past-due benefits payable to her, in exchange for the provision of legal services in this proceeding. Plaintiff's counsel requests a fee award of $10,785.50 under Section 406(b). Counsel states that pursuant to the fee agreement process, he was approved for and received $6,000.00 in attorney's fees (less the $86.00 statutorily-imposed user fee) for services rendered at the administrative level. In addition, counsel states, he applied for and received $5,279.05 under the Equal Access to Justice Act ("EAJA"). Plaintiff's counsel seeks attorney's fees in the amount of $10,785.50 on the condition that he refund to Plaintiff the sum of $5,279.05, the amount previously awarded as EAJA fees. However, the amount to which the parties stipulated under the EAJA was $5,629.05, which represented $5,279.05 for services performed and $350.00 for costs incurred. See Stipulations and Order (Dkt #20) at 1.

The Commissioner filed a response (Dkt #24) in which she does not object to Plaintiff's counsel's motion for Section 406(b) fees,

but asserts that counsel has incorrectly calculated the amount of fees due to him. Plaintiff's counsel did not file any reply papers.

For the reasons discussed below, the Court agrees with the Commissioner. Accordingly, Plaintiff's counsel's motion is denied in part and granted in part.

## II.  Discussion

Section 406(b) provides in relevant part that

> [w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment . . .

42 U.S.C. § 406(b)(1)(A). "The Commissioner's failure to oppose this motion is not dispositive, as '[S]ection 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable[.]'" Ewald v. Commissioner of Social Sec., No. CV-05-4583(FB), 2008 WL 4104458, at *1 n.1 (E.D.N.Y. Sept. 3, 2008) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 807 n. 17 (2002)); see also Gisbrecht, 535 U.S. at 807 ("[Section] 406(b) calls for court review of such [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases.") (footnote omitted); id. at 808-09. "Within the 25 percent boundary" established by Congress in § 406(b)(1)(A), "the attorney for the successful claimant must show that the fee

sought is reasonable for the services rendered." Id. at 807 (footnote omitted).

Courts reviewing Section 406(b) motions should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. Gisbrecht, 535 U.S. at 808. Other factors properly considered are any instances of misconduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or because minimal effort was expended; and the degree of difficulty of the case. Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

The Court begins its reasonableness analysis with the contingency agreement itself, which is unambiguous. The 25 percent fee for which it provides for does not exceed the statutory cap; moreover, 25 percent is a standard contingency fee for a Social Security case. Ewald, 2008 WL 4104458, at *2 (citing Gisbrecht, 535 U.S. at 803 (noting that "[c]haracteristically . . ., attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits" (internal quotation marks and citation omitted)). There is no suggestion in the record that fee agreement was the product of fraud or overreaching. Counsel provided effective representation to Plaintiff, securing a reversal of the Commissioner's adverse

decision and the immediate award of benefits to her and her children.

Turning next to the amount of the award requested, counsel asserts that Plaintiff's past-due benefits totaled $67,785.50 and that, from this amount, $16,785.50 was withheld for the payment of attorney's fees. Defendant counters that both of these amounts are incorrect. See Defendant's Memorandum of Law ("Def's Mem.") (Dkt #24) at 3 (citing Declaration of Acting Assistant Regional Commissioner for Management and Operations Support Bryant Wilder ("Wilder Decl.") (Dkt #24-1), ¶ 4). According to Defendant, the actual amount of past-due benefits, "[b]ased on agency records," is $50,386.00. Wilder Decl. ¶ 4. Of this amount, Defendant states, $33,630.00 represents past-due benefits due to Plaintiff herself and $16,756.00 due equally to Plaintiff's two dependent children. Id. Defendant has  attached two Notices of Changes in Benefits dated November 4, 2014, sent to Plaintiff on behalf of her dependent children; and a Notice of Change in Benefits dated December 1, 2014, sent to Plaintiff herself. The notices sent to the children indicate that the Commissioner was required to withhold 25 percent of all past-due benefits, or $2,094.50, from the benefits due each child, making the total past-due amount $8,378.00 for each child, or $16,756 for both children. The notice sent to Plaintiff herself indicates that the Commissioner was withholding 25 percent of all past-due benefits, or $8,407.50,

making the total past-due amount to Plaintiff $33,630. The total amount of past-due benefits for Plaintiff and both her children thus is $50,386 ($33,630.00 plus $16,756.00), and the total amount withheld from past-due benefits for payment of attorney's fees is $12,596.50 ($8,407.50 plus $2,094.50 plus $2,094.50). Therefore, the Court agrees that the correct amounts are as stated by the Commissioner. Notably, Plaintiff's counsel has not lodged any disagreement with the Commissioner's figures.

Using the correct amount withheld from past-due benefits for attorney's fees ($12,596.50), less the $6,000.00 paid to Plaintiff's counsel for work performed at the administrative level, divided by 27.6 hours (the number of hours expended by Plaintiff's counsel in connection with the federal action), yields an hourly rate of $239.00. This is well below what other judges in this Circuit have found to be reasonable under Section 406(b) and not to represent a "windfall" to counsel. See, e.g., Ewald, 2008 WL 4104458, at *2 (finding award equivalent to $415.63 per hour not a windfall) (citing Blizzard v. Commissioner of Soc. Sec., 496 F. Supp.2d 320, 323-24 (S.D.N.Y. 2007) (finding award equivalent to $705.00 per hour not a windfall); Trupia v. Astrue, No. 05-CV-6085 (SJF), 2008 WL 858994, at *3-*4 (E.D.N.Y. Mar. 27, 2008) (finding award equivalent to $714.09 per hour not a windfall); Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y.2005) (finding award

equivalent to $891.61 per hour not a windfall); other citation omitted).

In sum, the Court finds the 25 percent contingency fee, applied to the correct past-due benefits amounts as set forth in the Commissioner's memorandum and supporting exhibits, to be reasonable. The Court directs the Commissioner to remit to Plaintiff's counsel $6,596.50, which represents 25 percent of the past-due benefits to Plaintiff and her two dependent children ($12,596.50) minus the $6,000 paid to Plaintiff's counsel for work performed at the administrative level.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees is granted in part and denied in part. Commissioner is directed forthwith to remit to Plaintiff's counsel $6,596.50, which represents 25 percent of the past-due benefits to Plaintiff and her two dependent children ($12,596.50) minus the $6,000 paid for work performed at the administrative level. Upon receipt of the fee award, counsel is directed to he refund to Plaintiff the sum of $5,629.05, the amount previously awarded as EAJA fees.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   July 15, 2015
         Rochester, New York

-7-